Roosevelt OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00032–CR.

Court of Appeals of Texas,
Dallas.

Dec. 21, 1988.

Rehearing Denied Jan. 30, 1989.

Ross Teter, Dallas, for appellant.

John Vance, Dist. Atty., Karen R. Wise, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, HECHT and LAGARDE, JJ.

WHITHAM, Justice.

Appellant appeals a conviction for possession of a controlled substance; to wit: cocaine under twenty-eight grams. The trial court assessed punishment at ten years in the Texas Department of Corrections, probated for three years. On the State's motion, the trial court revoked appellant's probation and sentenced him to ten years in the Texas Department of Corrections. Appellant timely filed a motion for new trial. The trial court denied the motion. In his fifth point of error, appellant contends that the trial court erred in denying his motion for new trial without a hearing. We agree. Accordingly, the judgment revoking probation, the sentence and the notice of appeal are set aside and the cause is remanded to the trial court for a hearing on the motion for new trial and for the orderly conduct of subsequent post-trial proceedings. *See Trevino v. State*, 565 S.W.2d 938, 941–42 (Tex.Crim.App.1978).

At the outset, we must dispose of the State's procedural challenge to the motion for new trial. The State insists that the motion is not supported by a properly sworn affidavit. The State argues that, although the affidavit was signed by appellant, it was not properly sworn to and notarized. In this connection, the State asserts that it is well established that no

error is presented for review when a motion for new trial is unsworn, citing cases decided before September 1, 1987. We conclude that cases decided before September 1, 1987, are no longer applicable. We reach this conclusion because sections 132.001, 132.002 and 132.003 of the Texas Civil Practice and Remedies Code became effective September 1, 1987. Appellant filed his motion for new trial on November 2, 1987. Section 132.001 of the Code reads:

(a) Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by rule, order, or requirement adopted as provided by law.

(b) This chapter does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public.

Section 132.002 of the Code reads:

An unsworn declaration made under this chapter must be:

(1) in writing; and

(2) subscribed by the person making the declaration as true under penalty of perjury.

Section 132.003 of the Code reads:

The form of a declaration under this chapter must be substantially as follows: "I (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)"

Appellant made the following "affidavit" to his motion for new trial:

I, the undersigned, being presently incarcerated in a penal institution, do hereby declare under oath and penalty of perjury that the facts, statements and allegations set forth in the foregoing Motion for New Trial are within my personal knowledge and are true and correct.

Executed on this 23rd day of October, 1987.

/s/ Roosevelt Owens

Defendant

Dallas County Jail

Dallas, Texas 75202

Appellant argues that this writing constitutes an unsworn declaration in substantial compliance with sections 132.001, 132.002 and 132.003. Appellant further maintains that an unsworn declaration as provided for in sections 132.001, 132.002 and 132.003 may be used in lieu of any sworn declaration, verification, oath or affidavit requirement applicable to his motion for new trial.

■ First, we consider the question of whether appellant's writing constitutes an unsworn declaration in substantial compliance with sections 132.001, 132.002 and 132.003. We begin by noting certain variances from the statutory suggested form of declaration. Appellant's writing omits an inmate identification number and county jail name. Appellant's writing fails to insert his name or place of incarceration in its contents above his signature. Instead, appellant refers to himself in his writing as the "undersigned, being presently incarcerated in a penal institution," and by his signature provides his name. Below his signature, appellant indicates his place of penal incarceration as the "Dallas County Jail," without further name or location description of that county jail place. We conclude that these variances from the statutory suggested form of declaration are not fatal to the permitted declaration. Therefore, we conclude further that appellant's writing constitutes an unsworn declaration in substantial compliance with sections 132.001, 132.002 and 132.003.

■ Next, we address the question of whether an unsworn declaration as provided for in section 132.001, 132.002 and 132.003 may be used in lieu of any sworn declaration, verification, oath or affidavit requirement applicable to a defendant's motion for new trial in a criminal case. As noted, these sections of the Code became effective September 1, 1987, and appellant filed his motion for new trial November 2,

1987. Although found in state statutory law codified as "Civil Practice and Remedies," we conclude that an unsworn declaration as provided for in sections 132.001, 132.002 and 132.003 may be used in lieu of any sworn declaration, verification, oath or affidavit requirement applicable to a defendant's motion for new trial in a criminal case. We reach this conclusion in light of the origin of sections 132.001, 132.002 and 132.003. The legislature enacted sections 132.001, 132.002 and 132.003 as section 60 of Senate Bill 245. Tex.S.B. 245, 70th Leg., 1987 Tex.Gen.Laws 3517. The beginning language of section 60 of S.B. 245 reads: "Section 60. Title 6, Civil Practice and Remedies Code, is amended by adding Chapter 132 to read as follows:

## CHAPTER 132. UNSWORN DECLARATIONS

Section 132.001. USE BY INMATES IN LIEU OF SWORN DECLARATION

(a) Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by rule, order, or requirement adopted as provided by law.

(b) This chapter does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public.

Section 132.002. REQUIREMENTS OF DECLARATION.

An unsworn declaration made under this chapter must be:

(1) in writing; and

(2) subscribed by the person making the declaration as true under penalty of perjury.

Section 132.003. FORM OF DECLARATION

The form of a declaration under this chapter must be substantially as follows:

"I (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)"

The heading of S.B. 245 identifies the legislation as "AN ACT relating to the composition, operations, and continuation of the Texas Board of Corrections, *to the manner in which defendants are sentenced, confined, and released from confinement,* and to limitations of personal actions by inmates." Tex.S.B. 245, 70th Leg., 1987 Tex.Gen.Laws 3517. (emphasis added). Therefore, we conclude that sections 132.001, 132.002 and 132.003 apply to criminal trials and not just to civil trials. We reason that the trial of an accused for a criminal offense includes a motion for new trial and that such a criminal trial involves the manner in which defendants are sentenced, confined and released from confinement. We conclude, therefore, that it is immaterial that the legislature placed sections 132.001, 132.002 and 132.003 in the Civil Practice and Remedies Code.

Therefore, having concluded that an unsworn declaration as provided for in section 132.001, 132.002 and 132.003 may be used in lieu of any sworn declaration, verification, oath or affidavit requirement applicable to a defendant's motion for new trial in a criminal case, it follows that appellant's use of an unsworn declaration as provided for in sections 132.001, 132.002 and 132.003 meets the requirement that the defendant must first present to the trial court a sworn motion for new trial or the requirement that the motion must be verified. *See Dugard v. State,* 688 S.W.2d 524, 529 (Tex.Crim.App.1985); *Brown v. State,* 561 S.W.2d 484, 488 (Tex.Crim.App.1978); *Dillon v. State,* 165 Tex.Crim. 217, 305 S.W.2d 956, 957 (1957).[1]

---

1. In the present case, appellant introduces his unsworn declaration as "[p]ursuant to Title 28, United States Code, Section 1746." We assume appellant's counsel used as appellant's "affidavit" language thought appropriate in criminal cases in federal courts under that federal statute.

■ Having disposed of the State's procedural challenge to appellant's motion for new trial, we turn to two further issues concerning whether the trial court erred in denying appellant's motion for new trial without a hearing. Therefore, in disposing of appellant's fifth point of error, we must first determine if his motion comprised a sufficient pleading to present matters which should have been taken up in a hearing. *See McIntire v. State*, 698 S.W.2d 652, 657 (Tex.Crim.App.1985). Omitting formal parts, we attach appellant's motion for new trial as an appendix to this opinion. We conclude that appellant's motion seeks to show that in matters involving revocation of probation the trial court has established and pursued a policy which deprived appellant of various constitutional rights, which was arbitrary and which was contrary to law. We conclude further, therefore, that appellant's motion for new trial comprises a sufficient pleading to present matters which should have been taken up in a hearing.

Given appellant's sufficient pleading, we must next consider whether appellant should have been afforded a hearing on his motion. Without doubt, the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review. *Trevino*, 565 S.W.2d at 940. In the face of a timely motion for new trial supported by sufficient affidavit, a trial court which denies an accused this opportunity abdicates its fact finding function and denies the accused a meaningful appellate review. *McIntire*, 698 S.W.2d at 660. We conclude that in the present case the trial court's denial of appellant's motion for new trial effectively prevented appellant from making a record sufficient to challenge on appeal the trial court's complained of policy in matters involving revocation of probation. Hence, we conclude further that the trial court abdicated its fact finding function and denied appellant a meaningful appellate review.

We sustain appellant's fifth point of error. Because the trial court denied appellant's motion for new trial without a hearing, we set aside the judgment revoking probation, the sentence and the notice of appeal and return the cause for a hearing on the motion for new trial and an orderly course of subsequent events. *See Trevino*, 565 S.W.2d at 941–42. Nothing in this opinion is to be read as addressing the merits of any of the allegations made in appellant's motion for new trial. We express no opinion on the merits of any of the allegations made in appellant's motion for new trial. In the event appellant's motion for new trial is denied, a new judgment revoking probation and a new sentence should then be pronounced. Following this, a new notice of appeal may be given. In the event of a new notice of appeal, the Texas Rules of Appellate Procedure should thereafter be followed, and the parties may waive such time provisions thereunder to which they are entitled as they may desire. *See Trevino*, 565 S.W.2d at 941. In light of our disposition of appellant's fifth point of error, we need not address appellant's first four points of error at this time. In the event appellant's motion for new trial is denied, appellant may bring forward those four points of error should he appeal the new judgment revoking probation and the new sentence. Thus, we reserve opinion and disposition of appellant's first four points of error. In any appeal following denial of appellant's motion for new trial, appellant may assert such additional points of error as he deems to have merit. In the event appellant's motion for new trial is granted and the orderly conduct of subsequent post-trial proceedings results in a new judgment revoking probation and a new sentence, a new notice of appeal may be given. In the event of a new notice of appeal, the Texas Rules of Appellate Procedure should thereafter be followed, and the parties may waive such time provisions thereunder to which they are entitled as they may desire. In any appeal following grant of appellant's motion for new trial, appellant may assert such points of error as he deems to have merit.

The judgment revoking probation, the sentence and the notice of appeal are set

aside and the cause is remanded to the trial court for a hearing on the motion for new trial and for the orderly conduct of subsequent post-trial proceedings. *See Trevino,* 565 S.W.2d at 941–42.

## APPENDIX

1. Illegal Confinement.

Defendant is illegally confined pursuant to a void judgment and sentence. Defendant was convicted of a third degree felony offense and sentenced to imprisonment for 10 years by JUDGE LARRY BARAKA, Criminal District Court Number Two, Dallas County, Texas.

2. Involunatry Plea of Guilty, Involuntary Waiver of Jury and Involuntary Judicial Confession—Ineffective Assistance of Counsel.

Defendant entered a plea of guilty pursuant to a plea bargain agreement which provided that Defendant would be released on from confinement on probation immediately after entering a plea of guilty, signing a judicial confession admitting guilt and waiving the right to a jury trial. The plea of guilty, waiver of jury and judicial confession were involuntary and insufficient to support a conviction because they resulted from the failure of Defendant's counsel to render effective legal assistance as required by the Sixth and Fourteenth Amendments to the United States Constitution. *See Powell v. Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158] (1932); *Johnson v. Zerbst,* 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938); *Gideon v. Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963); *McMann v. Richardson,* 397 U.S. 759 [90 S.Ct. 1441, 25 L.Ed.2d 763] (1970); *Argersinger v. Hamlin,* 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530] (1972); *United States v. Agurs,* 427 U.S. 97 [96 S.Ct. 2392, 49 L.Ed.2d 342] (1976); *Cuyler v. Sullivan,* 446 U.S. 335 [100 S.Ct. 1708, 64 L.Ed.2d 333] (1980); *Bearden v. Georgia,* 461 U.S. 660 [103 S.Ct. 2064, 76 L.Ed.2d 221] (1983); *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984) and *Hill v. Lockhart,* [474 U.S. 52] 106 S.Ct. 366, [88 L.Ed.2d 203] (1985).

Defendant's counsel did not consult with Defendant in any manner other than to recommend acceptance of the plea bargain offered by the prosecution; did not review the charge with Defendant; did not explain the application of the law to the facts alleged against Defendant, did not conduct or cause to be conducted any independent defense investigation of the charge against Defendant; did not advise Defendant as to the right to have an independent investigation of the charge against Defendant; did not interview any prosecution witnesses or review any other potential evidence; failed to present available evidence in defense, mitigation and extenuation; failed to advise Defendant as to the difference between non-adjudciated probation and adjudicated probation with regard to the possible punishment in the event of revocation; failed to review the terms and conditions of probation with Defendant; and failed to advise Defendant that it was the policy of presiding JUDGE LARRY BARAKA to arbitrarily inflict a sentence of 10 years or more in all cases involving a revocation of probation without regard to the prior record of the accused, the reputation of the accused, the nature of the offense or any matters in mitigation or extenuation.

If Defendant's attorney had so advised him, Defendant would have moved to recuse presiding JUDGE LARRY BARAKA based on his unconstitutional policies, would not have entered a plea of guilty, would not have waived the right to a jury trial, would not have executed a judicial confession and would not have accepted any plea bargain agreement.

3. Void Judgment of Guilt—Not Signed by Judge.

The judgment of conviction entered in this cause is void in that it was signed (by affixing a stamp of the Judge's name) by a Court clerk outside the presence of the Judge and without his specific authorization. The judgment was never read or reviewed by the Judge and it was never signed by the Judge.

4. Void Terms and Conditions of Probation.

The terms and conditions of probation ordered are void because they were never signed by the Judge, they are not specific, they are ambiguous, and they purport to delegate to an unnamed probation officer the judicial function of determining the terms and conditions of probation.

5. Revocation of Probation/Adjudication of Guilt.

After Defendant was placed on non-adjudicated probation, the State filed a motion to adjudicate guilt based on alleged violations of the terms and conditions of the probation. Defendant was indigent and represented at the hearing by appointed counsel, ELAINE ARCHIE.

6. Void Judgment Revoking Probation—No Finding of Violation.

The Judgment revoking probation is void and insufficient to support a sentence of imprisonment because there is no finding by the Judge that Defendant violated any term or condition of probation.

7. Violation of Article 26.04, Texas Code of Criminal Procedure.

Defendant's attorney was appointed less than ten days prior to the revocation [sic]/adjudication hearing and Defendant's right to ten days after appointment of counsel was violated.

8. Void Sentence—Ineffective Assistance of Counsel.

Defendant's sentence is void because Defendant did not receive the reasonably effective assistance of counsel guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution. See Powell v. Alabama, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158] (1932); Johnson v. Zerbst, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938); Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963); McMann v. Richardson, 397 U.S. 759 [90 S.Ct. 1441, 25 L.Ed.2d 763] (1970); Argersinger v. Hamlin, 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530] (1972); United States v. Agurs, 427 U.S. 97 [96 S.Ct. 2392, 49 L.Ed.2d 342] (1976); Cuyler v. Sullivan, 446 U.S. 335 [100 S.Ct. 1708, 64 L.Ed.2d 333] (1980); Bearden v. Georgia, 461 U.S. 660 [103 S.Ct. 2064, 76 L.Ed.2d 221] (1983); Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984) and Hill v. Lockhart, [474 U.S. 52] 106 S.Ct. 366 [88 L.Ed.2d 203] (1985).

Defendant's counsel did not consult with Defendant prior to the adjudication hearing, did not investigate any allegation against Defendant, did not review the State's motion to adjudicate with Defendant, did not interview any prosecution witness or review any prosecution evidence, did not present any evidence in Defendant's behalf, did not advise Defendant as to the right to have ten days to prepare for the hearing after appointment of counsel, did not seek to recuse JUDGE LARRY BARAKA based on his admitted policy of sentencing all persons who are found to have violated any term or condition of probation in an arbitrary and unconstitutional manner without regard to the facts of the case, the nature of the offense, the prior record of the accused, and any evidence in mitigation or extenuation.

If Defendant had been so advised, Defendant would have objected to violation of the right to have ten days to prepare for the hearing after appointment of counsel, objected to the failure of the appointed counsel to consult with Defendant, objected to the failure of the appointed counsel to explain the application of the law to the facts, objected to the failure of the appointed counsel to investigate the allegations against Defendant, objected to the failure of appointed counsel to interview prosecution witnesses and review prosecution evidence, and moved for the recusal of presiding JUDGE LARRY BARAKA based on his stated unconstitutional policy of arbitrarily inflicting excessive terms of imprisonment in all cases regardless of the nature of the offense, the prior record and reputation of the accused, and evidence in mitigation and extenuation.

9. Void Sentence—Judge's Failure to Recuse.

At the time that Defendant was placed on probation, JUDGE LARRY BARAKA made a "promise" to Defendant that he would receive a maximum term of imprisonment if he violated any term or condition

of probation. That "promise" when coupled with the action of the Judge in sentencing Defendant as "promised" is tantamount to a refusal of the Judge to consider the full range of punishment as established by the Legislature and disqualified JUDGE LARRY BARAKA from presiding over a subsequent revocation proceeding involving Defendant. Any arbitrary method of affixing maximum sentences without regard to the offense and the offender is a mockery of the criminal justice system and mandates the recusal of the Judge who engages in such judicial misconduct.

10. Void Sentence—Not Signed by Judge.

The sentence was never reviewed or signed by the Judge. Instead, a Court Clerk performed that judicial function outside the presence of the Judge by affixing a stamp of the Judge's signature, thereby rendering the purported sentence void.

11. Insufficient Evidence.

The conviction was not based on any evidence other than the involuntary judicial confession of Defendant. There being no other evidence to support a conviction, the judgment is void and should be reformed to reflect an acquittal. *See Jackson v. Virginia,* 443 U.S. 307 [99 S.Ct. 2781, 61 L.Ed.2d 560] (1979); *Burks v. U.S.,* 437 U.S. 1 [98 S.Ct. 2141, 57 L.Ed.2d 1] (1979) and *Greene v. Massey,* 437 U.S. 19 [98 S.Ct. 2151, 57 L.Ed.2d 15] (1977).

12. Cruel and Unusual Punishment.

The punishment assessed by JUDGE LARRY BARAKA was inflicted arbitrarily and is so excessive and grossly disproportionate to the offense as to constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

13. Exhibits.

In support of the contention that JUDGE LARRY BARAKA has established and pursues an unconstitutional policy of arbitrarily and systematically inflicting excessive sentences in all cases involving probation revocations, Defendant offers and incorporates by reference the sworn pleadings contained in the Motions for New Trial and Post-Conviction Applications for Habeas Corpus filed in this Court as set forth in the attached Exhibit.

### LIST OF EXHIBITS

| Number: | Defendant/Petitioner: |
| --- | --- |
| W83–87048–I | Araiza, Pete Chavez Jr. |
| W84–76079–I | Hunt, Vernon |
| W84–77963–I | Lindsey, Clifton |
| W84–86085–I | Neumann, Scott Allen |
| W84–91887–I | Roland, Rodney |
| W85–75348–I | Hirst, Glen Raymond II |
| W85–77840–I | Spahlholz, Tommy Allan |
| W85–80346–I | Styperk, Brian Keith |
| W85–80952–I | Perez, Juan Manuel |
| W85–86435–I | Shepherd, Dwayne Edward |
| W85–87681–I | Araiza, Pete Chavez Jr. |
| W85–89692–I | Ponds, Eurdine |
| F85–90168–I | Owens, Roosevelt |
| F85–90444–I | Franklin, Merdith M. |
| W85–91026–I | Jackson, Eric O'Neal |
| W85–91217–I | Pipkin, Christopher Emil |
| W86–70101–I | Lacy, Tyrone |
| W86–70390–I | Olson, Michael Raymond |
| W86–70465–I | Fincannon, James L. |
| W86–71021–I | Gutierrez, Abiel Perez |
| W86–71312–I | Crowe, James Edward |
| W86–71338–I | Hilton, Harold Dwayne |
| W86–71458–I | Kugler, Edward Dwayne |
| W86–71565–I | Williams, Jimmy Lee |
| W86–74389–I | Tunnell, James Gregory |
| W86–75427–I | Levine, Alfred |
| W86–75438–I | Thorpe, William Jay |
| W86–75651–I | James, Dorsey Elton |
| W86–75782–I | Dunn, Joseph Jr. |
| W86–78680–I | Hancock, Olen Keith II |
| W86–78681–I | Seaman, Jerry Howard |
| F86–78752–I | Hammons, John Ross |
| W86–78753–I | Hancock, Olen Keith II |
| W86–81276–I | Dorman, Mark William |
| W86–83608–I | Campbell, Gary |
| W86–83649–I | Douglas, Raymond Lacy |
| F86–83671–I | Logo, Alex |
| W86–86170–I | Sappington, Charlie R. |
| W86–86516–I | Kidder, John French |
| W86–86688–I | Keener, Donald Lee |
| F86–86939–I | Kidder, John French |
| W86–87134–I | Keene, Erik Todd |
| F86–87539–I | Austin, James Lamar |
| W86–87935–I | Adams, Joel |
| W86–88018–I | Cooper, Wesley Ray |
| W86–88693–I | Thorpe, William Jay |
| W86–88818–I | Landers, Vincent |
| W86–89019–I | Guerrero, Manuel Jr. |
| W86–89060–I | Adams, Wesley Ray |
| W86–89105–I | Gilstrap, Robert Charles |
| W86–89131–I | Norris, Kendall Lydell |
| W86–89271–I | Young, John Henry |
| F86–89491–I | Kidder, John French |
| W86–89827–I | Givens, Alfred Lee |
| W86–89870–I | Richardson, Michael Lewis |
| F86–90849–I | Austin, James Lamar |

| Number: | Defendant/Petitioner: |
|---|---|
| W86–91779–I | Allen, William Earl |
| W86–92555–I | Germany, Teddy Ray |
| W86–93329–I | Owens Robert Charles |
| W86–93445–I | Stewart, Hugh Lorington |
| W86–93738–I | Johnson, Barion Lamont |
| W86–94634–I | Graham, Gary Leo |
| W86–94748–I | Owens, Robert Charles |
| W86–94755–I | Ramirez, Juan Ortega |
| F86–94761–I | Jackson, Eric O'Neal |
| W86–96653–I | Robinson, James Robert |
| W87–68310–I | Hemphill, Bruce Wayne |
| W87–69406–I | Johns, Patsy Neal |
| W87–70043–I | Shirley, Rebecca Suzanne |
| W87–70119–I | Renfro, Michael Allen |
| W87–70153–I | Shirley, Rebecca Suzanne |
| W87–70154–I | Shirley, Rebecca Suzanne |
| W87–70158–I | Shirley, Rebecca Suzanne |
| W87–72180–I | Jones, Patrick |
| W87–73778–I | Germany, Teddy Ray |
| W87–73809–I | Thomas, Brian Renard |
| W87–73892–I | McClain, Anthony Antoine |
| W87–77139–I | Robertson, Thomas Earl |
| W87–77339–I | Gutierrez, Abiel Perez |
| W87–77905–I | Lewis, Carthel Denver |
| W87–77917–I | Isler, Will |
| W87–78118–I | Gutierrez, Abiel Perez |
| F87–78130–I | Else, Kevin Dewayne |
| F87–78343–I | Campbell, Valerie Marie |
| F87–78403–I | Rodriquez, Jose |
| F87–78654–I | Cole, Mark Alan |
| W87–78660–I | Caldwell, Pierre Antoine |
| F87–78752–I | Cole, Mark Alan |
| W87–78788–I | Alexander, Allan Thomas |
| W87–79570–I | Perez, Jesse |
| W87–81956–I | Caldwell, Pierre Antoine |
| W87–82812–I | Martin, James Edward Jr. |
| F87–82970–I | Williams, Billy Ray |
| W87–83369–I | Germany, Teddy Ray |
| F87–83726–I | Garza, Felisa Anunci |
| W87–84437–I | Allen, William Earl |
| F87–85698–I | Austin, James Lamar |
| W87–92576–I | Thomas, Brian Renard |