**Freddie McMILLAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–88–00536–CR.

Court of Appeals of Texas, Dallas.

March 31, 1989.

Rehearing Denied May 9, 1989.

Ross Teter, Dallas, for appellant.

John Vance, Dist. Atty., Karen R. Wise, Asst. Dist. Atty., Dallas, for appellee.

Before STEWART, ROWE and OVARD, JJ.

ROWE, Justice.

Appellant, Freddie Joe McMillan, pleaded guilty to the offense of unlawful possession of a controlled substance. The trial court deferred further proceedings without entering an adjudication of guilt and placed McMillan on probation. Subsequently, upon the State's motion, the trial court proceeded to adjudge McMillan guilty of the offense. The trial court sentenced McMillan to twenty years' confinement and assessed him a $750.00 fine. In his fourth point of error, McMillan complains that the trial court erred in denying his motion for new trial without a hearing. For the reasons discussed below, we sustain McMillan's fourth point of error and remand this cause to the trial court for further proceedings.

After the trial court entered judgment, McMillan timely filed and presented a motion for new trial essentially arguing that the trial court has established and pursued a policy which deprived him of various constitutional rights and which was arbitrary, capricious, and contrary to law. In support of his contentions, McMillan alleges certain facts extrinsic to the record. McMillan attached the following unsworn declaration[1] to his motion for new trial:

I, the undersigned, being presently incarcerated in a penal institution that refuses to provide the services of a Notary Public and being unable to obtain that service from any reasonably available source, do hereby declare under oath and penalty of perjury that the facts, statements and allegations set forth in the foregoing Post–Conviction Motions and Pleadings (specifically including the Motion to Recuse Trial Judge, the Motion in Arrest of Judgment, the Motion for New Trial, Notice of Appeal, Designation of Record on Appeal and the Affidavit of Indigency) are within my personal knowledge and are true and correct.

Executed on this 16 day of March, 1988.

/s/ Freddie McMillan
DEFENDANT

The trial court denied the motion without a hearing.

■ When a party presents to the trial court a timely, verified motion for new trial which raises matters extrinsic to the record, the trial court abuses its discretion in denying a hearing on the motion. *See McIntire v. State,* 698 S.W.2d 652, 658, 660 (Tex.Crim.App.1985); *Fielding v. State,* 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd). This rule recognizes that a motion for new trial hearing in the trial court is the appropriate time and place to present extrinsic matters that may warrant a new trial and to make a record on those matters for appellate review. *See McIntire,* 698 S.W.2d at 660; *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App.1978). This Court has held that complaints virtually identical to those which McMillan asserts present matters which the trial court should have addressed in a motion for new trial hearing. *See Owens v. State,* 763 S.W.2d 489, 492 (Tex.App.—Dallas, 1988, pet. pending). Thus, if McMillan properly verified his motion for new trial,[2] he was entitled to a hearing.

---

1. We note that this unsworn declaration purports to be pursuant to 28 U.S.C. § 1746 (1982). Although that statute is not applicable to state court proceedings, we shall examine the substance of this declaration to determine if it complies with our own unsworn declaration statute. TEX.CIV.PRAC. & REM.CODE ANN. § 132.001–132.003 (Vernon Supp.1989).

2. We note that neither the Rules of Appellate Procedure nor the Code of Criminal Procedure have ever required that a motion for new trial be verified or supported by affidavits. *See Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App. 1983); *see also* TEX.R.APP.P. 30–32 (setting forth the requirements for a new trial in criminal cases). Case law, however, has long held that when the grounds for a new trial are outside of the record, the movant must support his motion by his own affidavit or by the affidavit of someone else. *Bearden,* 648 S.W.2d at 690; *Hicks v. State,* 75 Tex.Crim.R. 461, 171 S.W. 755, 765–66 (1914) (op. on reh'g); *see McIntire,* 698 S.W.2d at 658.

■ An inmate in certain penal institutions may make an unsworn declaration in lieu of any verification or affidavit required by law. TEX.CIV.PRAC. & REM.CODE ANN. § 132.001 (Vernon Supp.1989). Such unsworn declaration must be in writing and subscribed by the inmate as true under penalty of perjury. *Id.* § 132.002. The form of the declaration must be substantially as follows:

I (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ county, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)

*Id.* § 132.003. These provisions apply in criminal as well as civil proceedings. *Owens,* 763 S.W.2d at 491.

In this case, McMillan attached to his motion a written unsworn declaration which he subscribed as true and correct under oath and penalty of perjury. Such declaration, however, fails to include an inmate identifying number and the name and location of the penal institution in which McMillan was incarcerated. In *Owens,* this Court concluded that the omission of the inmate identifying number was not fatal to a similar unsworn declaration. *Owens,* 763 S.W.2d at 490. Likewise, we conclude that under the facts of this case, the omission of the name and location of the penal institution does not render the unsworn declaration fatally defective. We think that the clear purpose for including this information is to assist the trial court in locating the subscriber if it wishes to confirm that he is indeed an inmate qualified to make an unsworn declaration under the statute. Where, as here, the trial court is responsible for incarcerating the subscriber, such information is already within the knowledge of the trial court.[3] Consequently, we hold that under these circumstances McMillan's affidavit substantially complies with the form prescribed by section 132.003.

We conclude, therefore, that by denying McMillan a hearing on his motion for new trial, the trial court abdicated its fact finding function and effectively prevented McMillan from making a record sufficient to challenge on appeal the policy about which he complains. We sustain McMillan's fourth point of error.

McMillan has also requested this Court to determine the status of his attorney on appeal. We decline to do so and express no opinion as to whether the trial court appointed this attorney to represent McMillan on appeal.

■ Having determined that the trial court abused its discretion in denying McMillan a hearing on his motion for new trial, we must now decide what remedy to grant him. Under the Rules of Appellate Procedure, we may not reverse the trial court's judgment merely because it denied a hearing on McMillan's motion for new trial. Instead, we must direct the trial court to correct its error. *See* TEX.R. APP.P. 81(a). Accordingly, we set aside the notice of appeal and the trial court's order denying McMillan's motion for new trial and order the trial court to conduct a hearing on the motion for new trial. We recognize the need to preserve McMillan's right to further appeal this cause to this Court. Accordingly, pursuant to Texas Rule of Appellate Procedure 2(b), we suspend the requirements of the Texas Rules of Appellate Procedure insofar as they impose time limits computed from the date sentence is imposed or suspended. In lieu of these requirements, such time limits shall be computed from the date of this Court's judgment in this cause. We believe such procedure adequately protects McMillan's due process rights.

3. We note that in certain unusual circumstances (e.g. extradition, escape, early parole, etc.) this may not be true; however, there is no evidence of such circumstances in this case.