COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-394-CR
  
  
ANDREW KYLE HOLT                                                         APPELLANT
  
V.
  
THE STATE OF TEXAS                                                             STATE
  
------------
 
FROM THE 297TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Andrew Kyle Holt appeals from his conviction for aggravated robbery with a 
deadly weapon. In two points, appellant contends the trial court abused its 
discretion in denying his motion for new trial based on his claims of 
ineffective assistance of counsel and in denying him a hearing on his motion for 
new trial. We affirm.
        In 
appellant’s second point, he argues that the trial court abused its discretion 
in denying him a hearing on his motion for new trial after the hearing had 
previously commenced but was later postponed at appellant’s request. Following 
his conviction, appellant filed a motion for new trial alleging:
 
Trial counsel . . . was wholly 
ineffective in his attempted preparation and defense of said cause. Trial 
counsel’s failure to interview witnesses, develop a viable pretrial and trial 
strategy, and promote the Defendant’s innocence through skillful 
cross-examination of the State’s witnesses resulted in the wrongful conviction 
of Defendant.

In support of this motion, 
appellant’s counsel filed an affidavit stating that the “facts and matters 
contained in the . . . Motion for New Trial are true and correct.” No evidence 
from the record is discussed or cited to support the motion, nor did appellant 
specify how trial counsel’s actions were ineffective and resulted in harm to 
him.
        To 
be entitled to a hearing on a motion for new trial, a defendant need not 
establish a prima facie case for a single cognizable ground raised in his 
motion. Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). A 
defendant need only assert reasonable grounds for relief which are not 
determinable from the record in order to be entitled to a hearing. Id. If 
the defendant’s affidavit is conclusory in nature and does not show reasonable 
grounds for a hearing on the motion, he is not entitled to a hearing on the 
motion. Id. But if the defendant's motion and affidavit are sufficient, a 
hearing on the motion is mandatory. Id. The purpose of the hearing is for 
a defendant to fully develop the issues raised in his motion for new trial. Id.
        Appellant’s 
counsel’s affidavit filed in support of the motion for new trial adds nothing 
to the motion for new trial and wholly fails to develop any of the issues raised 
in the motion. The assertion that all the facts in the motion are true is 
conclusory and does not show reasonable grounds for requiring a hearing on the 
motion. Thus, the trial court did not abuse its discretion in denying appellant 
a hearing on his motion for new trial. We overrule point two.
        In 
appellant’s first point, he contends that the trial court abused its 
discretion in denying his motion for new trial on the grounds of ineffective 
assistance of counsel. Appellant generally contends that he was denied the 
effective assistance of counsel at trial because counsel failed to object to 
damaging hearsay, to interview witnesses, to develop a viable trial strategy, 
and to prove his eligibility for community supervision. Specifically, appellant 
states that at guilt-innocence counsel “informed the jury during his opening 
statement that the Defendant had been involved in three other robberies that 
same day”; “failed to object to damaging hearsay testimony of Officer M.W. 
Moore–the first police officer to interview [the complainant]”; “tried to 
convince the jury that only a ‘BB gun’ was used by the Defendant in order to 
negate the deadly weapon charge where the evidence was overwhelming that a 
deadly weapon was utilized by the alleged perpetrator”; “failed to interview 
witnesses as reflected by his motion for continuance filed on the day of 
trial”; and that the “appointment of a licensed private investigator during 
trial . . . to assist trial counsel in the interviewing of witnesses was ‘too 
little, too late.’”
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Our scrutiny of counsel's performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
        The 
record that appellant has brought on appeal fails to rebut the strong 
presumption of reasonable counsel. A substantial risk of failure accompanies an 
appellant's claim of ineffective assistance of counsel on direct appeal. Thompson, 
9 S.W.3d at 813. Rarely will a reviewing court be provided the opportunity to 
make its determination on direct appeal with a record capable of providing a 
fair evaluation of the merits of the claim involving such a serious allegation. Id. 
In the majority of instances, the record on direct appeal is simply undeveloped 
and cannot adequately reflect the failings of trial counsel. Id. at 
813-14; Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). To 
defeat the presumption of reasonable professional assistance, “[a]ny 
allegation of ineffectiveness must be firmly founded in the record and the 
record must affirmatively demonstrate the alleged ineffectiveness.” McFarland 
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 
519 U.S. 1119 (1997).
        The 
record in this case does not reveal why counsel did not object to hearsay 
testimony, attempted to prove that the weapon used was a BB gun, or stated 
during opening that appellant had been involved in three other robberies on the 
day of the robbery at issue. Thus, with regard to those claims, appellant has 
failed to rebut the presumption that counsel’s actions were reasonably 
professional and motivated by sound trial strategy. See Ramirez v. State, 
76 S.W.3d 121, 128 (Tex. App.—Houston [14th Dist.] 2002, pet. 
ref’d). With regard to the failure to interview witnesses, appellant does not 
indicate which witnesses counsel failed to interview and what, if any, harm 
resulted from counsel’s failure to interview the witnesses. Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. As the State points out, appellants’s 
trial counsel claimed that he had interviewed two of four witnesses that were 
the subject of the motion for continuance. And the State contends that the third 
witness testified at trial and the fourth witness’s testimony was irrelevant 
to appellant’s defense. Appellant has not shown otherwise or that he was 
prejudiced by not being able to interview the witnesses before trial commenced.
        Appellant 
also claims that counsel was ineffective at punishment for failing to prove that 
he was eligible for community supervision and to object to a misstatement of law 
made by the State during closing argument. Again, the record does not show that 
the failure to object to the State’s closing argument was not the result of 
sound trial strategy. Ramirez, 76 S.W.3d at 128. Finally, the alleged 
failure of counsel to prove appellant’s eligibility for community supervision 
could not have been prejudicial because, as a result of being sentenced to 
seventy years’ confinement, appellant was not eligible for community 
supervision. See Tex. Code Crim. 
Proc. Ann. art. 42.12, § 4(d)(1) (Vernon Supp. 2004). Accordingly, we 
overrule appellant’s first point.[2]
        We 
affirm the trial court’s judgment.
  
                                                                  SAM 
J. DAY
                                                                  JUSTICE

  
PANEL B:   DAUPHINOT 
and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DAUPHINOT, J. filed a 
dissenting opinion.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 29, 2004

 
Dissenting Opinion by Justice Dauphinot

COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-394-CR
  
  
ANDREW KYLE HOLT                                                       APPELLANT
 
V.
 
THE STATE OF TEXAS                                                            STATE
 
------------
 
FROM THE 297TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
DISSENTING OPINION
------------
        I 
respectfully dissent from the majority’s holding that Appellant was not 
entitled to a hearing on his motion for new trial raising ineffective assistance 
of counsel because his affidavit was conclusory. The appellate rules governing 
motions for new trial do not require affidavits;[1]  
that requirement has been engrafted on the rules by the Texas Court of Criminal 
Appeals.[2]   Reading the motion and 
affidavit together, I would hold that the trial court had ample notice of 
Appellant’s claim and that Appellant was entitled to offer evidence in support 
of that claim.[3]  I would therefore hold that 
the trial court abused its discretion by failing to hold a hearing on 
Appellant’s motion for new trial.
   
                                                            
LEE ANN DAUPHINOT
                                                            
JUSTICE
  
DELIVERED: January 29, 2004
  

NOTES
Majority 
Opinion Notes:
1. See Tex. R. App. P. 47.4.
2. Although 
appellant might have been able to develop a record to support his contentions 
had the trial court granted a hearing on the motion for new trial, appellant’s 
failure to adequately support his motion for new trial with a proper affidavit 
resulted in appellant not being entitled to a hearing. Appellant still has 
recourse to develop the allegations of ineffective assistance of counsel through 
an application for writ of habeas corpus. See Thompson, 9 S.W.3d at 
814-15.
   
Dissenting 
opinion notes:
1. Tex. R. App. P. 21.
2. See, 
e.g., McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985); Jordan 
v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).
3. See 
McIntire, 698 S.W.2d at 657; Owens v. State, 763 S.W.2d 489, 491-96 
(Tex. App.—Dallas 1988, pet. ref’d); see also Jordan, 883 S.W.2d at 
666-69 (Meyers, J., dissenting).