Opinion issued June 5, 2008













In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00717-CR






ELMER ROBINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 969154






MEMORANDUM OPINION ON REMAND FROM

THE COURT OF CRIMINAL APPEALS OF TEXAS


 A jury convicted appellant, Elmer Robinson, of aggravated assault with a
deadly weapon. Finding two felony enhancements true, the jury assessed punishment
at confinement for 75 years. We previously held that the trial court did not abuse its
discretion in denying appellant a hearing on his pro se motion for new trial, because
he was represented by counsel when he filed that motion and he was not entitled to
hybrid representation. Robinson v. State, No. 01-04-00717-CR, 2005 WL 1648185,
at *2 (Tex. App.--Houston [1st Dist.] July 14, 2005), rev'd, 240 S.W.3d 919 (Tex.
Crim. App. 2007). The Court of Criminal Appeals held that an appeal may be taken
from a ruling on a pro se motion made by a defendant who has counsel. Robinson,
240 S.W.3d at 920-23. The Court of Criminal Appeals vacated our prior judgment
and remanded the case to us. Id. at 923.

 On appeal, appellant complains of the denial of a hearing on his motion for a
new trial and the denial of a mistrial after evidence of an extraneous offense was
introduced. Appellant also requests that this court reform the trial court's judgment
to reflect that appellant entered a plea of not true to the second enhancement
paragraph. 

 We modify the judgment and affirm as modified. 

BACKGROUND

The Offense

 On the morning of November 22, 2003, after spending the night with friends,
Debra Wiggins returned to the house she shared with appellant. Finding the front
door to the home jammed, she climbed the fence and entered the backyard. She knew
appellant would come to the backyard to "do what he do every morning." Shortly
thereafter, appellant came to the backyard, where he and Wiggins began arguing, and
a "tussle" ensued. At trial, Wiggins testified that appellant stabbed her in the neck
with a knife. However, she testified that none of the knives admitted into evidence
were used against her. According to Wiggins, appellant's live-in girlfriend, Tonya,
ran down the street with the knife used to stab Wiggins, presumably to dispose of or
hide it.

 Wiggins testified that she noticed blood shooting from her neck right away, and
she tried to stop it with a towel. Appellant called 9-1-1, and an ambulance arrived. 
Wiggins testified that when the paramedics arrived, appellant was attempting to stop
the bleeding. The police arrived after the paramedics. Two police officers who had
responded to the 9-1-1 call testified at trial. One testified that appellant's shirt and
pants were covered in blood, and the other testified that appellant's pants were soaked
in blood. Appellant was arrested and charged with aggravated assault. Wiggins was
hospitalized for a week.

 During the trial, Wiggins testified that what appellant does in the backyard is
his work. When asked by the State what his work consisted of, Wiggins said,
"Drugs." Appellant immediately objected, and the trial court called a bench
conference. The court then instructed the jury to "disregard the last answer and not
consider it for any purpose." Appellant promptly moved for a mistrial, but the trial
court denied the motion. 

 On June 17, 2004, the same day as his conviction, appellant filed a notice of
appeal. Finding appellant indigent, the trial court signed an order on June 23, 2004,
appointing appellate counsel. Appellant filed a motion for a new trial pro se, which
was dated June 22, 2004, postmarked June 25, 2004, and received by the clerk on
June 28, 2004. 

The Motion for New Trial

 Appellant's pro se motion for new trial alleged (a) ineffective assistance of
counsel and (b) neglect of duty and official misconduct. As to his claims of
ineffective assistance of counsel, appellant alleged that his attorney failed to:
(1) adequately investigate and "prepare evidence favorable to defendant" in trial;
(2) have expert witness testimony of Wiggins's wound compared to actual knives that
were placed in evidence; (3) file fundamental pretrial motions, such as motions to
discover or suppress evidence, or a motion in limine; (4) subpoena the paramedics
who responded to the 9-1-1 call before the police arrived; (5) discuss defense
strategy; (6) secure a discovery hearing; (7) object and request a limiting instruction
regarding extraneous offenses committed by the defendant; (8) secure a magistrate
reading, a probable cause hearing, due process, and a speedy trial; (9) object to
admission of knives into evidence that were not the actual weapons allegedly used;
(10) object to inadmissible evidence; and (11) adequately investigate and prepare
evidence favorable to defendant for introduction at the punishment phase of trial. As
to his claims of neglect of duty and official misconduct, appellant challenged: (1) the
admission of extraneous offenses; (2) the commencement of trial on June 16, 2004,
even though it had previously been reset to July 6, 2004; and (3) the lack of a pretrial
hearing and announcement of "ready" by defense. 

 Appellant's motion for new trial requested a hearing. It was verified by an
unsworn declaration by appellant that appeared at the end of the document, in which
he declared "under penalty of perjury that the forgoing [sic] is true and correct." (1) The
trial court circled "denied" and signed the order that accompanied appellant's pro se
motion for new trial. The court did not hold a hearing.

Procedural History

 On appeal to this Court, appellant argued that the trial court abused its
discretion by refusing to hold a hearing on his motion for new trial. (2) We held that,
because appellant was represented by counsel, he was not entitled to hybrid
representation and the trial court did not abuse its discretion in denying appellant's
motion without a hearing. Robinson, 2005 WL 1648185 at *2.

 On discretionary review, the Court of Criminal Appeals explained that, because
a defendant has no right to hybrid representation, "a trial court is free to disregard any
pro se motions presented by a defendant who is represented by counsel." Robinson,
240 S.W.3d at 922. The Court further stated, "However, once a trial court actually
rules on a pro se (or any) motion, we see no reason why that decision should be
insulated from review on appeal." Id. In this case, the Court observed, the record did
not show whether the court intended to rule on appellant's pro se motion or to
"simply dispose of the appellant's motion by 'denying' it." Id. 

 Unfortunately it is unclear from the record exactly which of those two
options the trial court intended by making this simple circle and signing
its name. It would obviously be better in the future if trial courts made
it clear in the record exactly which of the two options they choose, but
that is not the situation before us in this case.


 Rather than guess at the trial court's intention, however, we think a
better solution would be to determine it. Therefore, we will remand the
case to the Court of Appeals so that it may undertake to determine if the
notation on the appellant's pro se motion for new trial is a ruling on the
merits, or if the trial court intended to disregard the motion since the
appellant was represented by counsel.


Id. at 923. The Court remanded the case to us to determine whether the court
intended to rule on appellant's pro se motion for new trial. Id. We are not able to
determine the intent of the trial court from this record. Nor are we legally authorized
to abate this case so that the trial court may tell us what it intended. Tex. R. App. P.
44.4 (remand permitted to remedy "erroneous action or failure or refusal to act"). If
the trial court did not intend to rule on appellant's motion for new trial, then no issue
is properly presented for our review, and we would overrule appellant's first issue. 
If the trial court did intend to rule on appellant's motion for new trial, then the issue
is reviewable. Therefore, in the interest of judicial economy, we will assume without
deciding that the trial court did intend to rule on appellant's motion, and we will
determine whether appellant was entitled to a hearing on his motion for new trial.

DISCUSSION

Standard of Review

 Courts of appeals apply an abuse-of-discretion standard when reviewing a trial
court's denial of a hearing on a motion for a new trial or a denial of a motion for
mistrial. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (denial of motion
for mistrial); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (denial
of hearing on motion for new trial). When applying the standard, we must uphold the
trial court's ruling if it lies within the zone of reasonable disagreement. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In other words, viewing the
evidence in the light most favorable to the ruling, we reverse only if the trial court's
decision is arbitrary and unreasonable. Buerger v. State, 60 S.W.3d 358, 361 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd). 

Hearing on Motion for New Trial

 In his first issue, appellant contends that the trial court abused its discretion by
refusing to hold a hearing on his motion for new trial. A motion for new trial must
be: (1) timely filed, (2) properly presented, and (3) adequately verified or
accompanied by an affidavit or unsworn declaration by an inmate. See Tex. R. App.
P. 21.4, 21.6; Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (Vernon 2005);
Owens v. State, 763 S.W.2d 489, 491 (Tex. App.--Dallas 1988, pet. ref'd). 

 A defendant does not have an absolute right to a hearing on a motion for new
trial. Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). However, a
defendant is entitled to a hearing on his motion for new trial if his motion and
accompanying affidavit(s) "raise matters that are not determinable from the record
that could entitle the accused to relief." Id. The motion and affidavit need not
establish a prima facie case for a new trial; rather, they must merely reflect that
reasonable grounds exist for holding that relief could be granted. Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). An affidavit that is conclusory and
unsupported by facts is not sufficient to put the trial court on notice that reasonable
grounds for relief exist. Id. 

 Here, the motion for new trial was timely filed, less than a week after
appellant's conviction. It included a request for a hearing. It appears to have been
presented to the trial court, which circled "denied" and signed the order. Although
there was no affidavit attached, the motion was verified by way of an unsworn
declaration by appellant that appeared at the end of the document, in which appellant
declared "under penalty of perjury that the forgoing [sic] is true and correct." See
Tex. Civ. Prac. & Rem. Code Ann. §§ 132.002-.003. Appellant's motion for new
trial alleged ineffective assistance of counsel and "neglect of duty and official
misconduct." To determine whether appellant was entitled to a hearing on his
motion, we address each contention individually to determine whether it raises
matters not determinable from the record upon which appellant could be entitled to
relief.

Neglect of Duty and Official Misconduct

 With respect to his claims of neglect of duty and official misconduct, appellant
challenged: (1) the admission of extraneous offenses; (2) the commencement of trial
on June 16, 2004, even though the trial had previously been reset to July 6, 2004; and
(3) the commencement of trial without a pretrial hearing and announcement of
"ready" by defense. 

 Appellant's argument about the admission of "extraneous offenses" appears to
relate to admission of Wiggins's testimony that appellant sold drugs. When Wiggins
testified that appellant's work was "drugs," appellant's attorney objected, and the trial
court instructed the jury to disregard. Appellant's counsel also moved for a mistrial,
which the court denied. Appellant challenged the court's denial of his motion for
mistrial on appeal, and we address that issue below. Because appellant's complaint
about the admission of this extraneous offense is determinable from the record, this
allegation in his motion for new trial did not warrant a hearing. See Rozell, 176
S.W.3d at 230.

 Appellant also complains that his case had been reset to July 6, 2004, but the
case actually went to trial on June 16, 2004, and the trial court allowed the trial to
begin without any pretrial hearings or announcement of "ready" by defendant. The
record reflects no motion for continuance by the defense. Because appellant's
allegations are conclusory and unsupported by facts which suggest that appellant was
deprived of a fair trial or otherwise harmed, these allegations do not reflect that
reasonable grounds exist for holding that relief could be granted. As to this part of
the motion for new trial, the trial court did not abuse its discretion in denying a
hearing. See Jordan, 883 S.W.2d at 665 (conclusory affidavit not sufficient to alert
trial court that reasonable grounds for relief exist). 

Ineffective Assistance of Counsel

 As to his claims of ineffective assistance of counsel, appellant makes a number
of conclusory allegations, none of which is supported by facts. For example, he states
that counsel failed to secure a magistrate reading, a probable cause hearing, due
process, and a speedy trial, without any factual support for those propositions. He
complains that counsel failed to object to inadmissible evidence without specifying
what evidence was inadmissible. He asserts that counsel failed to have expert witness
testimony of Wiggins's wound compared to the actual knives that were placed in
evidence, but he provides no factual support that such expert testimony could or does
exist or what it would show. (3) He also alleges that counsel failed to investigate,
conduct discovery, and obtain pretrial hearings. But he does not say why counsel's
investigation was deficient, or what further investigation would have revealed. See
Jordan, 883 S.W.2d at 665. 

 Appellant alleges that counsel failed to object to the introduction of extraneous
offenses against him, without identifying any specific extraneous offense. The record
shows that counsel did, indeed, object to testimony that appellant sold drugs. When
the trial court instructed the jury to disregard, counsel moved for a mistrial, the denial
of which we address below. See infra.

 Appellant also complains that counsel failed to "subpoena witnesses that was
[sic] on site before police arrive [sic], i.e., paramedics who witnessed victim laying
in appellant's lap!" He asserted that the paramedics "could testify that "victim's head
was laying [sic] on defendant's lap, accounting for the blood stains on defendant's
pants." But the paramedics arrived after the assault, and they could not have offered
testimony about whether or not appellant committed the offense. Even Wiggins
testified that appellant attempted to stop the bleeding. This testimony does not
support appellant's argument that his trial counsel was ineffective because it does not
show how the outcome at trial would have been different if the paramedics had
testified. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068
(1984) (holding that defendant alleging ineffective assistance of counsel must
demonstrate: (1) counsel's performance failed to constitute reasonably effective
assistance by falling below objective standard of reasonableness under prevailing
professional norms and (2) there is reasonable probability that, but for counsel's
deficient performance, result of proceeding would have been different). Therefore,
the lack of the paramedics' testimony is not a matter upon which appellant could be
entitled to relief, i.e., a new trial, and the court did not err in failing to grant a hearing
based on this allegation. See Rozell v. State, 176 S.W.3d 230 (holding that defendant
not entitled to hearing on motion for new trial unless he properly raises matters not
determinable from the record, upon which he could be entitled to relief). 

 Appellant further states that counsel failed to object to the admission of two
knives that were not the actual weapons allegedly used. The record shows that
appellant's attorney took the offering witness on voir dire, but failed or declined to
object to the admission of the knives. The record is silent as to whether this was trial
strategy or an error. However, Wiggins, clearly testified that neither knife was the
weapon used against her. Although counsel's motivation for not objecting to the
admission of this evidence is not determinable from the record, this allegation does
not raise a matter upon which appellant could be entitled to relief. Id.

 We conclude that appellant's motion was conclusory in nature and not
supported by factual allegations, and that it did not raise matters not determinable
from the record upon which appellant could have been entitled to relief. We hold that
the trial court did not abuse its discretion by denying appellant a hearing on his
motion for new trial. We overrule appellant's first issue.

Motion for Mistrial

 In his second issue, appellant complains that the trial court abused its discretion
by not granting a mistrial after the State improperly introduced evidence of an
extraneous offense. When, in response to the State's question, Wiggins testified that
appellant's work was drugs, appellant's trial counsel immediately objected. The trial
court conducted a bench conference off the record and then instructed the jury to
disregard the witness's previous statement for all purposes. 

 "Ordinarily, a prompt instruction to disregard will cure error associated with
an improper question and answer, even one regarding extraneous offenses." Ovalle
v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We presume that the
instruction to disregard will be obeyed by the jury. Gardner v. State, 730 S.W.2d
675, 696 (Tex. Crim. App. 1987). But an exception exists when a prosecutor makes
a reference clearly calculated to inflame the minds of the jury or creates a harmful
impression that is impossible to remove from a juror's mind. Rojas v. State, 986
S.W.2d 241, 250 (Tex. Crim. App. 1998). 

 Appellant argues that the prosecutor intentionally elicited the improper
testimony regarding the extraneous offense as an "underhanded ruse" to "[throw] a
skunk into the jury box." Appellant further asserts that this testimony was clearly
calculated to inflame the minds of the jury. Nothing in the record supports
appellant's assertion. After the trial court's instruction to disregard Wiggins's
testimony that appellant's work was drugs, there was no further mention of
appellant's work or drugs at the trial. 

 Because the trial court immediately instructed the jury to disregard Wiggins's
reference to appellant's involvement with drugs and not to consider it for any
purpose, and because we presume that the jury obeyed the trial court's instructions,
we hold that the trial court did not abuse its discretion in denying the motion for
mistrial. We overrule appellant's second issue.

Reformation of Judgment 

 In his third issue, appellant complains that the judgment should be reformed
to reflect accurately his plea of "not true" to the second enhancement paragraph. 
Although the trial court's judgment indicates that appellant pleaded "true" to the
second enhancement paragraph, the reporter's record and the court's charge to the
jury reflects that appellant pleaded "not true." The State joins appellant in requesting
that we sustain appellant's third issue.

 "An appellate court has the power to correct and reform a trial court judgment
'to make the record speak the truth when it has the necessary data and information to
do so'. . . ." Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.--Houston [1st Dist.]
2001, pet. ref'd) (quoting Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.--Dallas
1991, pet. ref'd)); see also Tex. R. App. P. 43.2(b). 

 Because the record supports appellant's contention that the judgment does not
accurately reflect his plea to the second enhancement paragraph, we sustain
appellant's third issue. CONCLUSION

 We modify the trial court's judgment to show that appellant pleaded "not true"
to the second enhancement paragraph. We affirm the judgment as modified. 




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Bland. 


Do not publish. Tex. R. App. P. 47.2(b). 



1. The Civil Practice and Remedies Code provides that an unsworn declaration made by an
inmate, in accordance with the form set out by statute, may be used in lieu of an affidavit or
verification. Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (Vernon 2005).
2. Appellant raised three issues on appeal: (1) the denial of a hearing on his motion for new
trial; (2) the denial of his motion for mistrial; and (3) the need for reformation of the judgment. We
initially addressed all three issues, but the Court of Criminal appeals reversed our decision based on
our analysis of appellant's first issue only. Because the Court of Criminal Appeals vacated our prior
judgment, we address all three issues again, in this memorandum opinion.
3. This allegation is especially dubious in light of Wiggins's testimony that neither knife was
the weapon used against her.