**Edgar Ramon SOTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01280–CR.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1992.

Russ Hendrichs, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before ENOCH, C.J., and OVARD and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

Edgar Ramon Soto pleaded guilty to murder. Pursuant to a plea bargain agreement, the court assessed punishment at twenty-five years' confinement and a $750 fine. Appellant contends that (1) the trial court erred by permitting the unsworn testimony of an interpreter and (2) his guilty plea was involuntary. The State challenges the jurisdiction of this Court to address the issues raised by appellant. We find that this Court does not have jurisdiction to address appellant's first point of error but does have jurisdiction to address his second point of error. We dismiss the first point, overrule the second point, and affirm the trial court's judgment.

## PROCEDURAL FACTS

Appellant pleaded guilty pursuant to a plea bargain agreement. Appellant testified through an interpreter that he reviewed the indictment with his attorney and understood the nature of the charges. He also testified his guilty plea was freely and voluntarily made. Appellant stated that he entered his plea because he was guilty and for no other reason. The trial court admonished appellant as to the consequences of his plea and the range of punishment. The judge told appellant that, if punishment was assessed in accordance with the plea bargain agreement, his right to appeal would be limited to those matters raised in writing before trial or allowed by the court. Appellant testified that he understood the consequences of his plea. The trial court approved the plea bargain agreement and entered judgment in accordance with its terms.

Appellant filed a motion for new trial and notice of appeal. The motion for new trial was overruled by operation of law. The notice of appeal does not reflect that the matters raised by appellant were presented in a pretrial motion or permitted by the trial court.

## JURISDICTION

### 1. The State's Contentions

The State contends that appellant is precluded from challenging the testimony of

the interpreter and the voluntariness of his guilty plea because he failed to comply with the requirements of rule 40(b)(1) of the Texas Rules of Appellate Procedure. Specifically, the State asserts that these nonjurisdictional issues can be raised on appeal only if the notice of appeal reflects that the matters were presented in a pretrial motion or with the permission of the trial court. The State concedes that we have jurisdiction over the appeal. However, the State asserts that the issues presented are not properly before this Court and dismissal is proper.

### 2. *Notice of Appeal*

■ The filing of a notice of appeal vests jurisdiction with this Court. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App. 1990). When a defendant pleads guilty pursuant to a plea bargain agreement and the punishment assessed does not exceed the punishment recommended by the prosecutor, the notice of appeal must state that the matters were raised by pretrial motion or that the court gave permission to appeal those issues. Otherwise, nonjurisdictional errors that occurred prior to the entry of the guilty plea cannot be raised on appeal. TEX.R.APP.P. 40(b)(1); *Mims v. State*, 828 S.W.2d 775, 777 (Tex.App.—Dallas 1992, pet. filed). Although a defendant may be precluded from presenting certain issues on appeal, he may not be denied his general right of appeal. *See Padgett v. State*, 764 S.W.2d 239, 241 (Tex.Crim.App.1989); *Mims*, 828 S.W.2d at 777.

The State correctly asserts that appellant does not raise jurisdictional issues on appeal and did not comply with the notice requirements of rule 40(b)(1). *See* TEX. R.APP.P. 40(b)(1). We must therefore determine whether rule 40(b)(1) precludes appellant from raising the issues presented in this case.

### 3. *Guilty Plea*

#### a. Knowing and Voluntary

■ Article 26.13(b) of the Code of Criminal Procedure provides "[n]o plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX.CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989). The constitutional key to the validity of a guilty plea is that it is voluntarily and intelligently made. *Meyers v. State*, 623 S.W.2d 397, 401 (Tex. Crim.App. [Panel Op.] 1981).

#### b. Open Plea of Guilty—The *Helms* Rule

■ Generally, a guilty plea entered without a plea bargain agreement waives all nonjurisdictional defects. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972); *Jolivet v. State*, 811 S.W.2d 706, 708 (Tex.App.—Dallas 1991, pet. granted). This waiver rule is predicated on a knowing and voluntary plea of guilty. *Shallhorn v. State*, 732 S.W.2d 636, 639 (Tex.Crim.App. 1987). Thus, a defendant may always challenge the voluntariness of a guilty plea on appeal. *See, e.g., Broddus v. State*, 693 S.W.2d 459, 460 (Tex.Crim.App.1985). Moreover, this waiver rule applies only to those nonjurisdictional defects that have occurred prior to the entry of the plea. *Jolivet*, 811 S.W.2d at 708; *see Davis v. State*, 832 S.W.2d 356, 358 (Tex.App.—Dallas May 5, 1992, no pet.).

Significantly, rule 40(b)(1) of the Texas Rules of Appellate Procedure does not apply to cases where a defendant pleads guilty without the benefit of a plea bargain. The right to appeal an open plea of guilty is limited only by the *Helms* rule. We must therefore determine whether the rationale that enables a defendant to challenge the voluntariness of a guilty plea applies to negotiated plea bargains.

#### c. Negotiated Plea Bargains— Rule 40(b)(1)

■ Rule 40(b)(1) of the Texas Rules of Appellate Procedure governs appeals from negotiated plea bargains where the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. In such cases, the notice of appeal must state "the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." TEX.R.APP.P.

40(b)(1). The failure to comply with the notice requirements of this rule precludes appellate review of nonjurisdictional defects or errors that occurred prior to the entry of the plea. *Jones*, 796 S.W.2d at 186; *Mims*, 828 S.W.2d at 777. However, the rule does not specifically address the procedural requirements for challenging the voluntariness of a guilty plea.

We conclude that rule 40(b)(1) does not preclude a defendant from contesting the voluntariness of his guilty plea on appeal. First, like an open plea of guilty, a negotiated plea bargain is predicated on a knowing and voluntary guilty plea. *See Shallhorn*, 732 S.W.2d at 639. There is no compelling reason for treating open pleas differently than negotiated pleas in this context.

Second, the trial court is prohibited from accepting a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM.PROC.ANN. art. 26.13(b). The purpose of article 26.13 is to ensure that only constitutionally valid guilty pleas are entered and accepted by trial courts. *Meyers*, 623 S.W.2d at 401. This requirement is mandatory and may be challenged by the defendant at any time. *See Myers v. State*, 780 S.W.2d 441, 444 (Tex.App.—Texarkana 1989, pet. ref'd) (trial court's failure to give defendant the required statutory admonishments prior to accepting plea of guilty may be raised at any time).

Finally, the procedural limitations of rule 40(b)(1) prevent raising the voluntariness of a guilty plea in a notice of appeal. The issue cannot be presented in a pretrial motion nor would a prudent trial judge ever grant permission to appeal. Indeed, a trial court cannot accept a guilty plea if there is any indication that the plea was not free and voluntary. TEX.CODE CRIM.PROC.ANN. art. 26.13(b). The application of rule 40(b)(1) would effectively preclude any appeal challenging the voluntariness of a guilty plea.

### d. Summary

An open plea of guilty must be knowing and voluntary to be valid. *Meyers*, 623

S.W.2d at 401. The *Helms* rule provides that nonjurisdictional defects or errors that occur prior to the entry of a plea cannot be raised on appeal. *Helms*, 484 S.W.2d at 927. However, this rule applies only if the guilty plea is *voluntary*. *Shallhorn*, 732 S.W.2d at 639. Thus, a defendant may challenge the voluntariness of the plea at any time.

We conclude that the same rationale applies to negotiated plea bargains. The procedural limitations of rule 40(b)(1) are predicated on a *voluntary* plea of guilty. Thus, a defendant may raise the issue of voluntariness of the plea at any time.

### INTERPRETER'S TESTIMONY

Appellant asserts in his first point of error that the trial court erred by permitting the unsworn testimony of a court-appointed interpreter. He contends that the record does not establish the interpreter's qualifications or that appellant could understand the proceedings. Appellant does not assert that his plea was involuntary because the interpreter was not sworn. Rather, he complains of a nonjurisdictional defect that occurred prior to the entry of his guilty plea.

We conclude that any unsworn testimony by the interpreter did not affect the voluntariness of the guilty plea. Appellant has failed to state any grounds upon which this Court can entertain jurisdiction of his complaint. We dismiss appellant's first point of error.

### VOLUNTARINESS OF GUILTY PLEA

Appellant contends in his second point of error that his guilty plea was not voluntary. Specifically, appellant complains "he never understood half the terms that his attorney was telling him and his translator didn't help at all."

#### 1. *Relevant Facts*

The record reflects that the trial court gave appellant the required statutory admonishments prior to accepting his guilty plea. Appellant testified that he freely and voluntarily entered his plea and understood

the consequences of his plea. The trial court entered judgment in accordance with the plea bargain agreement.

Appellant filed a motion for new trial. This motion was not verified or supported by an affidavit. Appellant asked the trial court to determine the matters contained in the motion without a hearing. The motion was overruled by operation of law.

Appellant then filed a notice of appeal with an affidavit. The affidavit set forth several complaints about appellant's representation in the trial court.

### 2. *Applicable Law*

 When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. *Richard v. State*, 788 S.W.2d 917, 920 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The burden then shifts to the defendant to establish that he did not understand the consequences of his plea. *Id.* Any complaints about extrinsic matters should be raised in a motion for new trial. The trial court is the appropriate forum to present evidence that may warrant a new trial and to make a record for appellate review. *McMillan v. State*, 769 S.W.2d 675, 676 (Tex.App.—Dallas 1989, pet. ref'd).

### 3. *Application of Law to the Facts*

 The trial court admonished appellant as to the effect of his guilty plea. Appellant testified that he understood the nature of the charges and the consequences of his plea. Appellant now contends that his guilty plea was not voluntary because he "never understood half of the terms that his attorney was telling him." This statement directly contradicts appellant's testimony at trial. Appellant does not specify what terms he did or did not understand. He expressly waived his right to an evidentiary hearing in the trial court to develop these facts for appellate review. *See McMillan,* 769 S.W.2d at 676. *But cf. Jiminez v. State*, 727 S.W.2d 327, 328 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (trial court did not abuse its discretion in failing to conduct a hearing where defen-

dant was admonished as to the effect of his guilty plea and testified that he understood). Appellant has failed to establish that his guilty plea was not voluntary.

We overrule appellant's second point of error. The judgment of the trial court is affirmed.