Opinion issued August 3, 2006









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00287-CR
NO. 01-05-00288-CR
NO. 01-05-00320-CR




JOSE SALOMON ARREOLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 34059A, Counts I and II, and Trial Court Cause No.
34059AHC




O P I N I O N
          Appellant, Jose Salomon Arreola, appeals from a judgment of conviction for
the first-degree felony of aggravated sexual assault


 and the second-degree felony of
indecency with a child.


 See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2005)
(aggravated sexual assault); id. § 21.11 (Vernon 2003) (indecency with a child). In
addition, appellant appeals from the trial court’s denial of his application for a writ
of habeas corpus.


 Appellant’s sole issue in each appeal challenges the voluntariness
of his guilty plea. We conclude that the trial court did not err by denying appellant’s
application for writ of habeas corpus because appellant did not meet his burden of
proving that his plea was involuntarily entered. We also conclude that appellant may
not challenge the voluntariness of his original guilty plea in the direct appeals of the
trial court’s judgment that adjudicated his guilt. We therefore affirm the judgment of
conviction and the order denying habeas corpus relief.
Procedural Background
          In February 2002, appellant pleaded guilty to two counts of an indictment that
charged him with aggravated sexual assault and indecency with a child by contact. 
The trial court admonished appellant about the consequences of entering his plea of
guilty, accepted his pleas of guilty, and sentenced him to 10 years’ deferred
adjudication community supervision in February 2002. Appellant did not appeal the
trial court’s order that placed him on deferred adjudication. In July 2003, the State
filed motions to adjudicate guilt, which asserted that appellant had violated conditions
of his community supervision by committing a criminal offense. 
          In response to the State’s motion to adjudicate guilt, appellant filed an
application for writ of habeas corpus, alleging that his guilty plea in February 2002
was involuntary because his counsel at the time rendered ineffective assistance by
misinforming appellant of the consequences of his guilty plea. The trial court held
an evidentiary hearing on appellant’s application for writ of habeas corpus and denied
it.
          Following the denial of the application, appellant pleaded true to the
allegations in the motions to adjudicate guilt. The trial court accepted appellant’s
pleas of true and, after having heard evidence and argument on the issue of
punishment, assessed appellant’s punishment at 20 years in prison and a $10,000 fine
for the aggravated sexual assault and at five years in prison and a $2,000 fine for the
indecency with a child, with the sentences to run consecutively.The Direct Appeals
          In the two direct appeals, appellant challenges his original plea of guilty that
resulted in the trial court’s order that placed him on deferred adjudication community
supervision. A defendant placed on deferred adjudication community supervision
may raise issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication is first imposed. 
Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). The record shows
that appellant did not appeal the trial court’s order that deferred the adjudication of
his guilt and, therefore, failed to challenge the voluntariness of his original plea of
guilty when deferred adjudication community supervision was imposed. We hold that
appellant cannot challenge the voluntariness of his original pleas of guilty after the
trial court has adjudicated his guilt. See id. We, therefore, dismiss the appellant’s
direct appeals in cause numbers 01-05-00288-CR and 01-05-00320-CR for want of
jurisdiction.
The Appeal from the Denial of a Writ of Habeas Corpus
Jurisdiction
          Article 11.072 “establishes the procedures for an application for a writ of
habeas corpus in a felony or misdemeanor case in which the applicant seeks relief
from an order or a judgment of conviction ordering community supervision.” Tex.
Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). The code provides that at
“the time the application is filed, the applicant must be, or have been, on community
supervision, and the application must challenge the legal validity of: (1) the
conviction for which or order in which community supervision was imposed; or (2)
the conditions of community supervision.” Id., art. 11.072, § 2(b) (Vernon 2005). “In
making its determination, the trial court may order affidavits, depositions,
interrogatories, or a hearing, and may rely on the trial court’s personal recollection.” 
Id., art. 11.072, § 6(b) (Vernon 2005). The trial court “shall enter a written order
including findings of fact and conclusions of law.” Id., art. 11.072, § 7 (Vernon 
2005). If the trial court denies the application “in whole or in part, the applicant may
appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure.”


 Id.,
art. 11.072, § 8 (Vernon 2005).
          Appellant’s application for writ of habeas corpus, which was filed while
appellant was on community supervision, challenges the trial court’s order that
deferred the adjudication of his guilt by asserting that his pleas of guilty were
involuntarily entered. See id., art. 11.072, § 2(b). Appellant’s application for writ
of habeas corpus was thus a pre-conviction application, the denial of which
intermediate courts of appeals have jurisdiction to review. See Kniatt v. State, No.
PD-0323-05, 2006 WL 1695941 (Tex. Crim. App. June 20, 2006) (holding that court
of appeals had jurisdiction to hear pre-conviction application for writ of habeas
corpus that was filed by applicant while applicant was on deferred adjudication
community supervision even though trial court did not rule on application until after
applicant was adjudicated guilty). We, therefore, hold that we have jurisdiction over
appellant’s appeal from the denial of his application for a writ of habeas corpus.
Voluntariness of Original Guilty Plea 
          In his application for writ of habeas corpus, appellant asserts that his pleas of
guilty were involuntary because his trial counsel erroneously informed him (1) that
his community supervision could be terminated after two or three years, (2) that his
record could be expunged, and (3) that he would have to register as a sex offender
only for the duration of his community supervision.
          In reviewing a trial court’s decision to grant or to deny habeas corpus relief, an
appellate court reviews the facts in the light most favorable to the trial court’s ruling
and upholds that ruling absent an abuse of discretion. Ex parte Peterson, 117 S.W.3d
804, 819 (Tex. Crim. App. 2003). An appellate court should give almost total
deference to a trial court’s determination of historical facts that are dependent upon
an evaluation of credibility and demeanor. Id. A trial court may accept or reject all
or part of the testimony of any witness. Id. at 819 n.68.
          A record that indicates that the trial court properly admonished the defendant
presents a prima facie showing that the guilty plea was made voluntarily and
knowingly. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Soto
v. State, 837 S.W.2d 401, 405 (Tex. App.—Dallas 1992, no pet.). When the record
presents a prima facie showing that the plea was voluntary and knowing, the burden
shifts to the defendant to show that he entered the plea without understanding the
consequences. Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). An accused who attests when he enters his plea of guilty that
he understands the nature of his plea and that it is voluntary has a heavy burden on
appeal to show that his plea was involuntary. Id.; Dusenberry v. State, 915 S.W.2d
947, 949 (Tex. App.—Houston [1st. Dist.] 1996, pet. ref’d). The defendant’s
uncorroborated testimony that he was misinformed by counsel is not sufficient to
show that his plea was involuntary. Fimberg v. State, 922 S.W.2d 205, 208 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d).
          A guilty plea is not voluntary if made as a result of ineffective assistance of
counsel. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). To prevail
on a claim of ineffective assistance of counsel, the defendant must show that trial
counsel’s performance was deficient and that a reasonable probability exists that the
result of the proceeding would have been different but for the deficiency. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of
the Strickland test requires that the defendant show that counsel’s performance fell
below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). Thus, the defendant must prove objectively, by a
preponderance of the evidence, that trial counsel’s representation fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). The second prong requires that the defendant show a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9
S.W.3d at 812. Under the first prong, however, a reviewing court must indulge a
strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813.
          In the context of a claim that the defendant’s plea is involuntary due to
ineffective assistance of counsel, the defendant must show (1) that counsel’s advice
was outside the range of competency demanded of attorneys in criminal cases and (2)
that, but for counsel’s erroneous advice, the defendant would not have pleaded guilty
and would instead have gone to trial. Ex parte Moody, 991 S.W.2d 856, 857–58
(Tex. Crim. App. 1999). In assessing counsel’s competence, we presume that counsel
has knowledge of legal principles that are neither novel nor unsettled. Ex parte
Welch, 981 S.W.3d 183, 185 (Tex. Crim. App. 1998). Trial counsel who fails to
inform a defendant about the direct, punitive consequences of a guilty plea provides
ineffective assistance. See Jackson v. State, 139 S.W.3d 7, 19 (Tex. App.—Fort
Worth 2004, pet. ref’d).
          Appellant first contends that he did not voluntarily plead guilty because his
trial counsel erroneously advised him that his community supervision could be
terminated after only two or three years and that the community supervision would
not appear on appellant’s record after it was completed. Aggravated sexual assault
of a child and indecency with a child by contact are both “sexually violent offenses.” 
Tex. Code Crim. Proc. Ann. art. 62.001(6)(A) (Vernon Supp. 2005). A deferred
adjudication order for either offense is a “reportable conviction or adjudication.” Id.
art. 62.001(5)(A). A reportable conviction or adjudication requires registration as a
sex offender for life. Id. art. 62.101(a)(1) (Vernon Supp. 2005). Additionally,
deferred adjudication community supervision for a sex-offender-registration offense
cannot be terminated early, id. art. 42.12, § 5(c) (Vernon Supp. 2005), and cannot be
expunged from a person’s record. Id. art. 55.01(a)(2)(B )(Vernon Supp. 2005).
          Appellant presented testimony at the habeas corpus hearing that suggested that
his trial attorney had failed to admonish him adequately concerning the consequences
of his pleas of guilty. Ron Solanic, appellant’s friend and business partner, testified
that he had heard appellant’s attorney tell appellant, on the day that appellant pleaded
guilty, that nothing would appear on appellant’s record. Solanic, however, was
unaware of what else was discussed. Appellant and appellant’s wife testified that
appellant’s trial attorney had represented to appellant that, after several years, the case
would be dropped and cleared from appellant’s record if appellant pleaded guilty,
received deferred adjudication community supervision, and performed the conditions
of community supervision. Neither Solanic nor appellant’s wife was present when
the court admonished appellant during appellant’s pleas of guilty. Additionally,
appellant testified that his attorney had told him that the duty to register as a sex
offender existed only during the period that appellant remained on community
supervision, failing to explain that appellant would be required to register for the
remainder of his life. 
          In contrast to the testimonial evidence presented at the habeas corpus hearing,
the written documentation supporting appellant’s original guilty pleas shows that
appellant’s pleas were voluntarily entered.


 The record shows that appellant and his
attorney received written admonishments from the trial court when he pleaded guilty
to the offenses, which admonishments they each acknowledged with their signatures. 
 Appellant also received written “Supplemental Admonitions to the Defendant for Sex
Offender Registration Requirements.” The supplemental admonitions specifically
stated, “For certain offenses the duty to register [as a sex offender] is for the
remainder of the defendant’s life.” Included in the enumerated offenses were
“indecency with a child” and “sexual assault”—the two crimes to which appellant
pleaded guilty. Further, in the written admonishments, appellant affirmed that his
plea was voluntary and that he was “not relying on any advice, information or
agreement not made known to the Court.” In “Defendant’s Guilty Plea,” appellant
acknowledged under oath that he understood all of the admonishments and the
consequences of his plea. He also swore that he was “not relying on any advice,
information or agreement not made known to the Court.” Appellant also affirmed in
these written admonishments that his plea was “not influenced by any advice or
information delivered by . . . Defendant’s attorney . . . regarding the sex offender
registration requirements. The Defendant would have plead [sic] guilty or nolo
contendere regardless of the requirements.”
          We hold that the record presents a prima facie showing that the guilty pleas
were made voluntarily and knowingly by appellant. See Edwards, 921 S.W.2d at 479. 
We further hold that appellant has failed to show that he entered the pleas without
understanding the consequences. See id. Because the written documentation
supporting appellant’s guilty pleas establishes that appellant’s pleas were made
voluntarily and knowingly by appellant, the trial court was within its discretion to
disbelieve any part or all of the testimony from the witnesses who asserted that
appellant had been inadequately admonished by his trial attorney. See Peterson, 117
S.W.3d at 819 n.68. Appellant has thus failed to meet his burden of proof to show that
he entered his guilty pleas without understanding the consequences that his
community supervision would not be terminated early or expunged. 
          Appellant also asserts that his plea was involuntary because his trial counsel
erroneously informed him that he would have to register as a sex offender only during
the period of his community supervision, when he is instead required to register for
his entire life. Appellant contends that counsel’s misstatement was ineffective
assistance because it did not inform appellant of a direct punitive consequence of his
guilty plea. See Jackson, 139 S.W.3d at 19. Sex offender registration, however, is
not a punitive measure, but a remedial one. Mitschke v. State, 129 S.W.3d 130, 136
(Tex. Crim. App. 2004). In addition, the only evidence of counsel’s purported
misrepresentation is appellant’s testimony. Appellant’s uncorroborated testimony
that he was misinformed by counsel does not meet his burden to show that his plea
was involuntary. See Fimberg, 922 S.W.2d at 208. Moreover, as noted above, the
written documents signed by appellant at the time that he pleaded guilty state that his
plea was “not influenced by any advice or information delivered by . . . Defendant’s
attorney . . . regarding the sex offender registration requirements,” and that he “would
have plead [sic] guilty or nolo contendere regardless of the [sex offender]
requirements.” Additionally, the “Supplemental Admonitions to the Defendant for
Sex Offender Registration Requirements” stated that the duty to register as a sex
offender was for the remainder of appellant’s life. Appellant has thus failed to meet
his burden of proof to show that he made his guilty pleas without understanding the
consequence that he would have to register as a sex offender for the rest of his life. 
See Edwards, 921 S.W.2d at 479.
          We hold that the trial court did not err in denying appellant’s application for
writ of habeas corpus. We overrule appellant’s sole issue presented in this appeal.
Conclusion
          In cause numbers 01-05-00288-CR and 01-05-00320-CR, Counts I and II, the
direct appeals from the convictions in trial court cause number 34059A, we dismiss
the appeals for want of jurisdiction. In cause number 01-05-00287-CR, the appeal
of the trial court’s denial of the application for writ of habeas corpus in trial court
cause number 34059AHC, we affirm the order of the trial court. 


 
                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Keyes, Alcala, and Bland.

Publish. Tex. R. App. P. 47.2(b).