Opinion issued June 21, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00149-CR






CHUKIAT VIRABALIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 858946B





MEMORANDUM OPINION


 Appellant, Chukiat Virabalin, appeals from an order that denied his application
for a writ of habeas corpus. In March 2001, appellant, a permanent resident alien,
pleaded guilty to the offense of theft in exchange for five years' community
supervision under a suspended sentence, commonly known as straight probation. See
Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2006) (theft); Tex. Code Crim. Proc.
Ann. art. 42.12, § 3 (Vernon 2006) (Judge Ordered Community Supervision). In the
first ground of his habeas application, appellant asserted that his guilty plea was
involuntary because he was not informed that the plea that he accepted made his
deportation mandatory, and that the plea bargain offer of deferred adjudication-community supervision that he rejected would have made his deportation
discretionary. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Deferred
Adjudication: Community Supervision). In the second ground of his application, he
asserted that his trial counsel rendered ineffective assistance by not properly
explaining the deportation consequences of his plea. In his sole issue on appeal,
appellant contends that his guilty plea was involuntary due to ineffective assistance
of counsel, and that the trial court therefore abused its discretion in denying his
application. We conclude that the trial court's denial of appellant's application was
not error because appellant failed to show that his plea was involuntary or that his
attorney rendered ineffective assistance. We affirm the order denying habeas corpus
relief.

Background Appellant was born in Thailand, and immigrated to the United States around
1969. In 1978, appellant obtained permanent residency. Appellant's wife and two
children are United States citizens.

 Appellant was indicted in cause number 858946 in January 2000 for second
degree felony theft. Appellant hired as his defense counsel Candelario Elizondo, an
attorney who has practiced law for more than 30 years. The State offered appellant
two alternative plea bargains: He could plead guilty either to third degree felony theft
in exchange for five years' straight probation, or to second degree felony theft in
exchange for seven years' deferred adjudication. Aware that appellant was a
permanent resident with a "green card," Elizondo discussed the immigration
consequences of the alternative plea bargain offers with appellant. Elizondo's habit
when representing criminal defendants was to advise them that the immigration
consequences would not be any different under deferred adjudication or straight
probation. He further makes it a habit to tell his clients that "deferred is a better plea
bargain as it relates to non immigration matters, because even though you plead guilty
you are not found guilty; whereas on probation you are found guilty." Elizondo told
appellant that for immigration purposes, deferred adjudication and straight probation
"were both convictions and therefore subject to deportation, denial of naturalization
or denial of reentry." Elizondo explained the advantages and disadvantages of each
of the State's offers. Elizondo told appellant that "a 3rd degree felony conviction was
better than a 2nd degree conviction." Ultimately, Elizondo told appellant the
"decision was his choice."

 Appellant accepted the offer to plead guilty to third degree felony theft in
exchange for straight probation. Appellant signed the court's written admonishments
about the consequences of his plea of guilty. In accordance with the requirements of
article 26.13(a)(4) of the Code of Criminal Procedure, the trial court admonished
appellant as follows:

 if you are not a citizen of the United States of America, a plea of guilty
or nolo contendere or true for the offense with which you are charged in
this case may result in your deportation, or your exclusion from
admission to this country, or your denial or naturalization under federal
law.


See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2006). Appellant initialed
all admonishments. He waived the right to have a court reporter record the plea.

 The trial court accepted appellant's plea of guilty, sentencing him to five years'
confinement, suspended for five years' community supervision, and a $750 fine in
March 2001. Appellant did not appeal the trial court's order that placed him on
probation. In December 2003, the trial court discharged appellant's sentence because
he had satisfactorily fulfilled the conditions of community supervision. In October
2006, appellant filed his application for a writ of habeas corpus. After the State filed
an answer to appellant's application, the trial court held an evidentiary hearing on
appellant's application by considering affidavits from appellant, Elizondo, and Ajay
Choudhary, an immigration attorney. 

 According to his affidavit to the trial court, appellant "was not aware [when he
signed the trial court's admonishment document] that there was any difference, for
immigration, reentry, or naturalization purposes, between . . . being placed on
deferred adjudication versus probation" and if he had known these differences when
he pleaded guilty, he would "not have pleaded guilty and accepted felony probation." 

 Choudhary, the immigration attorney, represented in his affidavit that if
appellant had received deferred adjudication, then his sentence would not have been
"considered to be a term of imprisonment because no period of confinement is
ordered," and he would be "eligible for cancellation of removal." Choudhary further
averred that if cancellation of removal were granted, appellant would not be deported. 

 The trial court denied appellant's application, entering findings of fact and
conclusions of law to support its determination that appellant's plea was voluntarily
entered and that Elizondo did not render ineffective assistance of counsel.

Denial of Writ of Habeas Corpus

 Appellant contends that the trial court erred by denying his application because
he established that trial counsel rendered ineffective assistance by misinforming him
that the immigration consequences of deferred adjudication and straight probation
were the same. (1) 

A. Law Concerning Habeas Relief Due to Ineffective Assistance of Counsel

 We must uphold the trial court's ruling to grant or to deny habeas corpus relief,
unless the record shows an abuse of discretion. Arreola v. State, 207 S.W.3d 387,
391 (Tex. App.--Houston [1st Dist.] 2006, no pet.). A record that indicates that the
trial court properly admonished the defendant presents a prima facie showing that the
guilty plea was made voluntarily and knowingly. See Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998); Arreola, 207 S.W.3d at 391; Soto v. State, 837
S.W.2d 401, 405 (Tex. App.--Dallas 1992, no pet.). When the record presents a
prima facie showing that the plea was voluntary and knowing, the burden shifts to the
defendant to show that he entered the plea without understanding the consequences. 
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.--Houston [1st Dist.] 1996, no
pet.). Here, there is no dispute that the trial court properly admonished appellant
about the consequences of his plea of guilty. (2) Thus, the burden shifts to appellant to
show that he did not understand the consequences of his plea. See id. 

 An accused who attests when he enters his plea of guilty that he understands
the nature of his plea and that it is voluntary has a heavy burden on appeal to show
that his plea was involuntary. Id.; Dusenberry v. State, 915 S.W.2d 947, 949 (Tex.
App.--Houston [1st. Dist.] 1996, pet. ref'd). A guilty plea is not voluntary if made
as a result of ineffective assistance of counsel. Ex parte Burns, 601 S.W.2d 370, 372
(Tex. Crim. App. 1980). To prevail on a claim of ineffective assistance of counsel,
the defendant must show that trial counsel's performance was deficient and that a
reasonable probability exists that the result of the proceeding would have been
different but for the deficiency. See Strickland v. Washington, 466 U.S. 668, 687,
104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland test requires that the
defendant show that counsel's performance fell below an objective standard of
reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The
defendant must prove objectively, by a preponderance of the evidence, that trial
counsel's representation fell below professional standards. Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002). The second prong requires that the
defendant show a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812. Under the first prong, however,
a reviewing court must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. Any allegation of ineffectiveness must be firmly founded in
the record, and the record must demonstrate affirmatively the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813.

 In the context of a claim that the defendant's plea is involuntary due to
ineffective assistance of counsel, the defendant must show (1) that counsel's advice
was outside the range of competency demanded of attorneys in criminal cases and (2)
that, but for counsel's erroneous advice, the defendant would not have pleaded guilty
and would have gone to trial instead. Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex. Crim. App. 1999). (3) In assessing counsel's competence, we presume that
counsel has knowledge of legal principles that are neither novel nor unsettled. Ex
parte Welch, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998).

B. Trial Court's Findings of Fact

 The State contends that we are bound by the trial court's findings of fact that
Elizondo properly advised appellant and did not render ineffective assistance of
counsel. 

 The Code of Criminal Procedure provides that the trial court may determine a
ruling on a writ of habeas corpus by examining "affidavits, depositions,
interrogatories, or a hearing, and may rely on the trial court's personal recollection." 
Tex. Code Crim. Proc. Ann. art. 11.072, § 6 (b) (Vernon 2005); see Arreola, 207
S.W.3d at 390. The trial court "shall enter a written order including findings of fact
and conclusions of law." Tex. Code Crim. Proc. Ann. art. 11.072, § 7(a) (Vernon 
2005); see Arreola, 207 S.W.3d at 3910.

 An appellate court reviews the facts in the light most favorable to the trial
court's ruling. Arreola, 207 S.W.3d at 391. An appellate court should give almost
total deference to a trial court's determination of historical facts that are dependent
upon an evaluation of credibility and demeanor. Id. A trial court may accept or reject
all or part of the testimony of any witness. Id. A reviewing court defers to a trial
court's disbelief of factual assertions in an affidavit as long as any reasonable view
of the record will support the finding. Shanklin v. State, 190 S.W.3d 154, 167 (Tex.
App.--Houston [1st Dist.] 2005, pet. dism'd) ("trial court is not required to believe
factual statements contained within an affidavit, even when they are uncontradicted
by other affidavits"); see also Ex parte Wheeler, 203 S.W.3d 317, 325-26 (Tex. Crim.
App. 2006); Ex parte Thompson, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005);
Kober v. State, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999).

 The trial court's finding of fact specifically concerning the immigration advice
by Elizondo states, as follows:

 12. The Court finds that Candelario Elizondo never provided
Applicant with any erroneous advice concerning the potential
deportation consequences in pleading guilty and accepting the
State's plea offer.


 In his brief to this Court, appellant refers to the affidavit by Elizondo in an
attempt to establish that Elizondo gave him misinformation about the immigration
consequences of his plea of guilty. In his affidavit, Elizondo states, 

 . . . We discussed that, for immigration purposes, "deferred" and
a "probation" were both convictions and therefore subject to
deportation, denial of naturalization or denial of reentry. (See Moosa v
Immigration and Naturalization Service, US Court of Appeals, 5th
Circuit 4/2/99).

 

 I make it a habit to tell all my clients when faced with this
dilemma that while for immigration purposes, a deferred and probation
have the same consequences, a deferred is a better plea bargain as it
relates to non immigration matters, because even though you plead
guilty you are not found guilty; whereas on probation you are found
guilty. I advised Mr. Virabalin that the decision was his choice. Mr.
Virabalin, on March 26, 2006 opted for the five (5) years probation on
the 3rd degree felony. I did advise him that a 3rd degree felony
conviction was better than a 2nd degree conviction. . . .


Elizondo's affidavit relates statements that he made to appellant about immigration
consequences, and a further statement about his habit. We examine each of these
statements as they relate to the trial court's findings of fact.

 1. Statement That Both Options were Convictions

 Elizondo's affidavit states that he "discussed that, for immigration purposes,
'deferred' and a 'probation' were both convictions and therefore subject to
deportation, denial of naturalization or denial of reentry." Elizondo's testimony that
recites that "for immigration purposes, 'deferred' and a 'probation' were both
convictions" is consistent with the affidavit by appellant's immigration attorney,
Choudhary, who said that "although deferred adjudication is considered to be a
conviction under the immigration laws, deferred adjudication is not considered to be
a term of imprisonment because no period of confinement is ordered." (Emphasis
added). Thus, undisputed evidence before the trial court established that Elizondo did
not misinform appellant by stating that deferred adjudication and straight probations
are both convictions under immigration law. 

 2. Statement that Both Options Subject Appellant to Deportation

 Elizondo's next statement that deferred adjudication and straight probation can
make appellant "subject to deportation, denial of naturalization or denial of reentry"
is consistent with the trial court's written admonishments that were given to appellant
when he pleaded guilty and with the required admonishment in article 26.13(a)(4) of
the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4). 
The trial court admonished appellant in writing that,

 If you are not a citizen of the United States of America, a plea of guilty
or nolo contendere or true for the offense with which you are charged in
this case may result in your deportation, or your exclusion from
admission to this country, or your denial or naturalization under federal
law. 


We conclude that the trial court could have reasonably determined that trial counsel
did not render ineffective assistance of counsel by admonishing appellant consistently
with the admonishment in the Code of Criminal Procedure and with the trial court's
admonishments concerning the immigration consequences of a plea of guilty. (4) See 
Ex parte Wheeler, 203 S.W.3d at 325-26; Thompson, 153 S.W.3d at 425; Kober, 988
S.W.2d at 233. We must defer to the trial court's finding that trial counsel did not
misinform appellant about the immigration consequences because a reasonable view
of the record supports the finding. See Ex parte Wheeler, 203 S.W.3d at 325-26;
Thompson, 153 S.W.3d at 425; Kober, 988 S.W.2d at 233. 

 3. Elizondo's Statement About his Habit

 The State asserts that the trial court disregarded Elizondo's affidavit testimony
about his habit to advise his clients that "for immigration purposes, a deferred and
probation have the same consequences." As noted above, the immigration
consequences of deferred adjudication and straight probation are not the same, and
thus, if Elizondo made that statement to appellant, it would be erroneous. The trial
court, however, implicitly found that Elizondo did not make that statement to
appellant. As the fact-finder, the trial court could have reasonably determined that
Elizondo had no actual memory of the events with appellant because he did not
specifically say that he made the statement to appellant. See Ex parte Wheeler, 203
S.W.3d at 325-26; Thompson, 153 S.W.3d at 425; Kober, 988 S.W.2d at 233. 
Because the trial court found that Elizondo did not provide appellant with erroneous
advice, the trial court implicitly found that Elizondo did not follow his habit with
appellant. See Ex parte Wheeler, 203 S.W.3d at 325-26; Thompson, 153 S.W.3d at
425; Kober, 988 S.W.2d at 233. (5) 

 Having determined that the evidence reasonably supports the trial court's
finding that trial counsel "never provided [appellant] with any erroneous advice
concerning the potential deportation consequences in . . . accepting the State's plea
offer," we conclude that the findings of fact reasonably support the trial court's
conclusions that appellant's plea of guilty was "knowingly and voluntarily entered"
and that the "totality of the representation afforded [appellant] was sufficient to
protect his right to reasonably effective assistance of counsel." (6)

 We must defer to the trial court, which has considerable discretion to deny
writ of habeas corpus based on its findings of fact. See Arreola, 207 S.W.3d at 391. 
We hold that the trial court did not err in denying appellant's application for writ of
habeas corpus. See id. We overrule appellant's sole issue presented in this appeal.

Conclusion


 We affirm the order of the trial court. 



 

 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. The 262nd District Court had jurisdiction over appellant's application for writ of
habeas corpus that sought relief from the trial court's order that placed him on
community supervision in his claim that his pleas of guilty were involuntarily entered. 
See Tex. Code Crim. Proc. Ann. art. 11.072, §§ 1, 2(b) (Vernon 2005); Arreola v.
State, 207 S.W.3d 387, 390 (Tex. App.--Houston [1st Dist.] 2006, no pet.). We have
jurisdiction over the appeal from that denial of that application. Tex. Code Crim.
Proc. Ann. art. 11.072, § 8 (Vernon 2005); Arreola, 207 S.W.3d at 390.
2. The written documentation supporting appellant's original guilty pleas shows that
appellant's pleas were voluntarily entered. The record shows that appellant and his
attorney received written admonishments from the trial court when he pleaded guilty
to the offenses, and that they each acknowledged the admonishments with their
signatures. Further, in the written admonishments, appellant affirmed that his plea
was voluntary and that he was "not relying on any advice, information or agreement
not made known to the Court." In "Defendant's Guilty Plea," appellant
acknowledged under oath that he understood all of the admonishments and the
consequences of his plea. He also swore that he was "not relying on any advice,
information or agreement not made known to the Court." 
3. Appellant contends that we should determine harm not by whether he would have
gone to trial, but whether he would have accepted the plea offer of deffered
adjudication. Because we conclude that appellant fails to establish the first prong of
the ineffective assistance test, we do not reach the second prong.
4. Deferred adjudication does not, for deportation consequences, constitute a "term of
imprisonment." See 8 U.S.C. § 1101(a)(48)(B) (2006). A "term of imprisonment"
does include probation, however. See id. If an alien who is convicted of a theft
offense is punished by a term of imprisonment of one year or more, he is considered
to be an aggravated felon. See 8 U.S.C. § 1101(a)(43)(G). Aggravated felons are
subject to mandatory deportation. See 8 U.S.C. §§ 1227(a)(2)(A)(iii) (2006),
1229b(a) (2006). For an alien that is deportable, but is not an aggravated felon,
discretion is allowed. See 8 U.S.C. § 1101(f)(8); 8 U.S.C. § 1101(a)(43)(G); 8 C.F.R.
§ 316.10(b)(1)(ii) (1995).
5. Appellant never testified that Elizondo affirmatively told him that there was no
difference for immigration purposes between deferred adjudication and straight
probation. Instead, appellant attested that Elizondo was silent on the matter, and that
he "never told me there was a difference, for immigration, naturalization, and reentry
purposes between a person with permanent resident status being placed on felony
theft probation versus felony theft deferred adjudication and I was not aware of any
difference between the two."
6. We conclude that we need not determine whether, had the information conveyed by
trial counsel been erroneous, appellant's plea of guilty would be rendered involuntary
since the information concerned a collateral consequence of the plea of guilty, rather
than a direct, punitive consequence.