**Affirm and Opinion Filed May 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00726-CR**

**ALEXUS NECOL DUPRE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-19-0329**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Breedlove

The trial court revoked appellant Alexus Necol Dupre's community

supervision and subsequently convicted and sentenced her to 12 months in state jail.

Appellant appeals, complaining that the trial court erred in denying her motion for

new trial because her plea of true to all probation violations alleged was not knowing

and voluntary. Concluding that the trial court did not abuse its discretion, we affirm

the trial court's judgment.

## I.    BACKGROUND

Appellant was indicted for the state-jail felony of driving while intoxicated with a child passenger, and on July 25, 2019, appellant pleaded guilty to the offense charged. The trial court found that the evidence substantiated appellant's guilt and placed her under deferred adjudication community supervision. On February 24, 2020, the State filed a petition to enter a final adjudication alleging that appellant committed 11 violations of her probationary conditions while under community supervision. The State filed its first amended petition on May 23, 2022, alleging 13 violations.

On May 31, 2022, appellant appeared for her probation revocation hearing. The trial court proceeded to hear evidence on whether adjudication of guilt was warranted based on the subsequent violations of community supervision alleged in the State's petition. Appellant plead true to 11 violations of her community supervision terms. The trial court found that appellant had violated the terms and conditions of community supervision as alleged by the State and proceeded to adjudication. The court found appellant guilty and sentenced her to 12 months in state jail.

Appellant filed a motion for new trial on June 29, 2022. As the basis for her motion, appellant argued that her plea of true was not entered knowingly and voluntarily because she was under the impression that if she paid a certain amount of money to the court, she would receive a six- or nine-month imprisonment rather

–2–

than a 12-month imprisonment. She does not otherwise challenge the voluntariness of her plea. The trial court held a hearing on the motion on July 21, 2022 at which appellant appeared represented by counsel. The court orally denied the motion at the hearing but never entered a written order, so the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

Appellant now appeals. In one issue, she contends that the trial court should have granted her a new trial on punishment because her plea of "true" to the probation violations alleged was not knowing and voluntary. In response, the State argues that the trial court did not abuse its discretion in denying appellant's motion for new trial because: (1) the appellate record included a prima facie showing that appellant's plea of "true" was voluntary; (2) verbal and/or written admonishments under article 26.13 do not apply to revocation proceedings; and (3) appellant did not meet her "heavy" burden to show that she entered her plea of "true" without understanding its consequences.

## II. STANDARD OF REVIEW

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Freeman v. State*, 340 S.W.3d 717, 732 (Tex. Crim. App. 2011) (internal citations omitted). A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex.

–3–

Crim. App. 2004)). This deferential review requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* (citing *Wead*, 129 S.W.3d at 129).

### III. DISCUSSION

A defendant's plea of true to violations of the conditions of her community supervision must be voluntary. *Shephard v. State*, No. 05-13-00291-CR, 2014 WL 2151975, at *3 (Tex. App.—Dallas May 20, 2014, pet. ref'd) (mem. op., not designed for publication) (citing *LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.)). During the hearing on the State's motion to adjudicate, appellant acknowledged that she had reviewed the allegations in the State's motion and had gone over them with her lawyer. She further acknowledged that she understood what the allegations were. After affirming her understanding, she pleaded true to the allegations and agreed that she pleaded true freely and voluntarily because the allegations were true and for no other reason. She also

affirmed that she understood that her probation could be revoked based on her plea of true.

Article 26.13 of the Texas Code of Criminal Procedure provides in part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such an agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he can prosecute an appeal on any matter in the case except for those matters raised by written motion prior to trial;

\*\*\*

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it

> must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

TEX. CODE CRIM. PROC. ANN. art. 26.13. When the record shows that the trial court properly admonished the defendant, it presents a prima facie showing that the guilty plea was knowing and voluntary. *Soto v. State*, 837 S.W.2d 401, 405 (Tex. App.—Dallas 1992, no pet.). The burden then shifts to the defendant to establish that she did not understand the consequences of her plea. *Id.*

Appellant acknowledges that there is no mandatory duty for a trial judge to admonish a defendant about her eligibility for probation. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986) (internal citations omitted). The record shows that the court satisfied its obligations under article 26.13 by providing appellant with written admonishments prior to accepting her guilty plea, admonishments which appellant signed. Those admonishments are clear that in the event her probation were to be revoked, she would be facing possible prison time. The record thus contains a prima facie showing that that the guilty plea entered by defendant was made knowingly and voluntarily. *See Soto*, 837 S.W.2d at 405. The burden thus shifted to appellant to prove that she did not understand the consequences of her plea. *Id.* The record demonstrates that she entered her plea of true knowing that she would be required to serve a prison sentence as a result. In her motion for new trial, and on appeal, appellant argues only that her plea was not

made knowingly or voluntarily because she believed she would be sentenced to six- or nine-months' imprisonment rather than 12 months upon the payment of court-required fees; appellant does not otherwise assert that her plea was involuntary in any way. Appellant has failed to produce any evidence showing that she entered first her plea of guilty, and then her subsequent plea of true, without understanding the possible consequences of a violation of probation while on deferred supervision. *See Shephard*, 2014 WL 2151975, at *3.

The record does not reflect that appellant's plea of true was made involuntarily. *See id.* (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam) (when assessing voluntariness of a plea, courts examine the entire record and consider all of the relevant circumstances surrounding the plea); and *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.) (voluntariness of a guilty plea is determined from the totality of the circumstances viewed in the light of the entire record)). The fact that appellant received a sentence of 12 months' imprisonment when she was hoping for a sentence of six or nine months does not render the plea involuntary. *See id.* (citing *Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) ("A plea is not rendered involuntary simply because a defendant received a greater punishment than he

anticipated.")).  Therefore, the trial court did not abuse its discretion in finding that appellant's plea of true was entered knowingly and voluntarily.

## IV.    CONCLUSION

We affirm the trial court's judgment.

220726f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove//
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEXUS NECOL DUPRE,
Appellant

No. 05-22-00726-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-19-0329.
Opinion delivered by Justice Breedlove. Justices Partida-Kipness and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of May, 2023.